

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

#20008R01167                              *271 Cadman Plaza East*
                                          *Brooklyn, New York 11201*

                                          October 28, 2011

**BY ECF**

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:  United States v. Joseph Cutaia
                     Criminal Docket No. 10-CR-010

Dear Judge Vitaliano:

        Enclosed please find a proposed Preliminary Order of
Forfeiture.  The government respectfully requests that the Court
"so order" the enclosed.

        Thank you for Your Honor's consideration of this submission.


                                Respectfully submitted,

                                LORETTA E. LYNCH
                                United States Attorney
                                Eastern District of New York

                        By:  _____/s/_____
                                Karen R. Hennigan
                                Special Assistant U.S. Attorney
                                (718) 254-6254


Enclosure

SLR:CPK:KRH
F.#2009R01167

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

   - against -

JOSEPH CUTAIA,

         Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

10-CR-0010 (S-6)(ENV)

      WHEREAS, on April 1, 2011, the defendant, JOSEPH
CUTAIA, entered a plea of guilty to Counts Twenty-Three, Twenty-
Four and Twenty-Six of the above-captioned indictment, charging
violations of 18 U.S.C. § 924 and 18 U.S.C. § 1951(a); and

      WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C),
18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant
consents to the forfeiture of: (a) one black .40 caliber Glock
handgun, (b) one black .38 caliber Smith and Wesson handgun, (c)
one silver .40 caliber handgun, (the "Firearms"), and (d) the
entry of a forfeiture money judgment in the amount of ten
thousand dollars and no cents ($10,000.00) (the "Forfeiture Money
Judgment"), to be paid to the United States pursuant to the terms
set forth below.

      NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND
DECREED, as follows:

      1.   The Defendant shall forfeit to the United States
all of his right, title and interest in the Firearms and the

Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1951(a), and as to the firearm and/or ammunition, as property involved in or used in a known violation of 18 U.S.C. § 924, and/or as substitute assets, as defined in 21 U.S.C. § 853(p).

2.   All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Marshals Service."  The defendant shall cause said check[s] to be sent by overnight mail to Special Assistant United States Attorney Karen Hennigan, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.  The Forfeiture Money Judgement shall be paid no later than thirty (30) days in advance of the date of the defendant's sentencing ("Final Due Date").  If the Forfeiture Money Judgment is not paid in full or on before the Final Due Date, interest on the Forfeiture Money Judgment shall accrue on any unpaid portion thereof at the judgment rate of interest from that date.

3.   Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General, or his designee, is authorized to seize the Firearms and to conduct any proper

discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4.    The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Firearms in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Firearms as a substitute for published notice as to those persons so notified.

5.    The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder.  In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

4

6.   Any person, other than the defendant asserting a legal interest to the Firearms may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to notice of the forfeiture of the Firearms must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7.   The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Firearms, or to any property against which the government seeks to execute the Forfeiture Money Judgment, in any administrative or judicial proceeding.  The Defendant shall take whatever steps are necessary to ensure that clear title to the Firearms passes to the United States, including the execution of any documents necessary to effectuate the forfeiture of the Firearms to the United States.  The forfeiture of the Firearms and the Forfeiture Money Judgment shall not be considered a payment of a fine or a

5

payment on any income taxes that may be due.

8.   The United States shall have clear title to the Firearms identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9.   Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this Preliminary Order of Forfeiture, and shall be made part of the sentence and included in the judgment.

10.  The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture.

11.  The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Yvette Ramos, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       November   , 2011

_____
HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE