AO 245B    (Rev. 10/2011 EDNY) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Joseph Cutaia | ) | Case Number: 1:10-cr-00010-ENV-3 |
| | ) | USM Number: 77887-053 |
| | ) | Seth Ginsberg, 225 Broadway, Suite 715, NY, NY 10007 |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    23, 24 & 26

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| | SEE THE NEXT PAGE | | |

The defendant is sentenced as provided in pages 2 through    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    open counts/indictments    ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/2/2012
Date of Imposition of Judgment

s/ENV
Signature of Judge

Eric N. Vitaliano                               U.S.D.J.
Name of Judge                                   Title of Judge

AUG  3 2012
Date

DEFENDANT: Joseph Cutaia
CASE NUMBER: 1:10-cr-00010-ENV-3

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1951(a) | Conspiracy to Commit Robbery | 12/6/2009 | 23 |
| 18:1951(a) | Conspiracy to Commit Robbery | 12/6/2009 | 24 |
| 18:924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii) and 924(c)(1)(C)(iii) | Use of a Firearm During a Crime of Violence | 12/6/2009 | 26 |

DEFENDANT: Joseph Cutaia
CASE NUMBER: 1:10-cr-00010-ENV-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

120 months on counts 23 & 24. The terms on counts 23 & 24 are to run concurrently. 120 months on count 26. The term on count 26 is to run consecutively to counts 23 & 24.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be placed in Fairton, NJ.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Joseph Cutaia
CASE NUMBER: 1:10-cr-00010-ENV-3

Judgment—Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
3 Years on counts 23, 24 & 26. Each term to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

    or if such prior notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Joseph Cutaia
CASE NUMBER: 1:10-cr-00010-ENV-3

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall comply with the forfeiture order and restitution order.

2. Full financial disclosure to the Probation Department.

3. The defendant shall not associate in person, through mail, electronic mail or telephone with any individual with an affiliation to any organized crime groups, gangs or any other criminal enterprise; nor shall the defendant frequent any establishment, or other locale where these groups may meet pursuant, but not limited to, a prohibition list provided by the Probation Department. The defendant, however, shall be allowed to have contact with his immediate family (parents, siblings, and children), but also including any grandchildren. The defendant will need permission from the Court to associate with any other family members.

4. The defendant shall not possess a firearm, ammunition, or destructive device.

5. The defendant shall comply with the sex offender registration requirements mandated by law.

6. The defendant shall submit his/her person, residence, place of business, vehicle, or any other premises under his/her control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of release may be found; the search must also be conducted in a reasonable manner and at a reasonable time; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

DEFENDANT: Joseph Cutaia
CASE NUMBER: 1:10-cr-00010-ENV-3

Judgment — Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 0.00 | $ 35,643.75 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Jane Doe | $28,142.97 | $28,142.97 | |
| Jane Doe's Insurance Company | $7,500.78 | $7,500.78 | |
| **TOTALS** | $ 35,643.75 | $ 35,643.75 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☑ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 7 of 7

DEFENDANT: Joseph Cutaia
CASE NUMBER: 1:10-cr-00010-ENV-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Special Assessment fee of $300.00 is due immediately. The imposed restitution of $35,643.75 is due immediately and payable at a rate of $25 per quarter while in custody and 10% of gross income per month while on supervised release. Payment should be submitted to the Clerk of the Court, U.S. District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    PLEASE SEE THE FOLLOWING PAGES

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:CPK:KRH
F.#2009R01167

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

  - against -

JOSEPH CUTAIA,

        Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

10-CR-0010 (S-6)(ENV)

        WHEREAS, on April 1, 2011, the defendant, JOSEPH CUTAIA, entered a plea of guilty to Counts Twenty-Three, Twenty-Four and Twenty-Six of the above-captioned indictment, charging violations of 18 U.S.C. § 924 and 18 U.S.C. § 1951(a); and

        WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of: (a) one black .40 caliber Glock handgun, (b) one black .38 caliber Smith and Wesson handgun, (c) one silver .40 caliber handgun, (the "Firearms"), and (d) the entry of a forfeiture money judgment in the amount of ten thousand dollars and no cents ($10,000.00) (the "Forfeiture Money Judgment"), to be paid to the United States pursuant to the terms set forth below.

        NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

        1.    The Defendant shall forfeit to the United States all of his right, title and interest in the Firearms and the

2

Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1951(a), and as to the firearm and/or ammunition, as property involved in or used in a known violation of 18 U.S.C. § 924, and/or as substitute assets, as defined in 21 U.S.C. § 853(p).

2. All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Marshals Service." The defendant shall cause said check[s] to be sent by overnight mail to Special Assistant United States Attorney Karen Hennigan, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check. The Forfeiture Money Judgement shall be paid no later than thirty (30) days in advance of the date of the defendant's sentencing ("Final Due Date"). If the Forfeiture Money Judgment is not paid in full or on before the Final Due Date, interest on the Forfeiture Money Judgment shall accrue on any unpaid portion thereof at the judgment rate of interest from that date.

3. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General, or his designee, is authorized to seize the Firearms and to conduct any proper

3

discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Firearms in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Firearms as a substitute for published notice as to those persons so notified.

5. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

4

6. Any person, other than the defendant asserting a legal interest to the Firearms may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Firearms must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Firearms, or to any property against which the government seeks to execute the Forfeiture Money Judgment, in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure that clear title to the Firearms passes to the United States, including the execution of any documents necessary to effectuate the forfeiture of the Firearms to the United States. The forfeiture of the Firearms and the Forfeiture Money Judgment shall not be considered a payment of a fine or a

5

payment on any income taxes that may be due.

8. The United States shall have clear title to the Firearms identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this Preliminary Order of Forfeiture, and shall be made part of the sentence and included in the judgment.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Yvette Ramos, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
~~November~~ ~~2011~~

AUG 2 2012

       s/ENV
_____
HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE